**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| RAJE NINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 2006-39 |
| | ) |
| THE JEWELRY EXCHANGE, INC., and | ) |
| WENDY TARAPANI, | ) |
| | ) |
| Defendants. | ) |

ATTORNEYS:

**Terri L. Griffiths, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,,*

**Charles S. Russell, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Jewelry Exchange, Inc.*

**Treston E Moore. Esq.**
St. Thomas, U.S.V.I.
    *For defendant Wendy Tarapani.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the Jewelry Exchange, Incorporated d/b/a Diamonds International ("Diamonds") and Wendy Tarapani ("Tarapani") (collectively, the "Defendants") to dismiss Count Four of the complaint. For the reasons explained below, the Court will deny the motion.

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l*
Civil No. 2006-39
Memorandum Opinion
Page 2

## I. FACTS

On March 3, 2006, Raje Nino ("Nino") filed a five-count complaint against the Defendants. The complaint states that Nino was an employee of Diamonds, and Tarapani was a shareholder and manager of the company. According to the complaint, Nino, like all Diamonds employees, was required to sign an employment contract containing an arbitration agreement. The complaint further alleges that the Defendants failed to compensate Nino for certain overtime work he performed. It details several specific incidents when Diamonds personnel purportedly discriminated against Nino based on his sexual orientation or ethnic descent. It also states that "[t]his pattern of harassment continued unabated from May[,] 2000[,] until Nino's suspension in February[,] 2005." (Compl. 5, ¶ 35, March 3, 2006.) The only count alleged against defendant Tarapani directly is Count Four, which asserts a claim for intentional infliction of emotional distress.

Now, the Defendants move to dismiss Count Four pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

## II. DISCUSSION

In considering a Rule 12(b)(6) motion, all material allegations in the complaint are construed in the light most favorable to the non-moving party. *Christopher v. Harbury*, 536

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l*
Civil No. 2006-39
Memorandum Opinion
Page 3

U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 223 (3d Cir. 2004). The complaint should not be dismissed unless the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hartford Fire Ins. Co. v. Cal.*, 509 U.S. 764, 810, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993).

### III. ANALYSIS

#### A. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, the plaintiff must allege that the defendant, by her extreme and outrageous conduct, intentionally or recklessly caused the plaintiff severe emotional distress. *See* Restatement (Second) of Torts § 46 (1965); *see also Manns v. Leather Shop Inc.*, 960 F. Supp. 925, 930-31 (D.V.I. 1997). The plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in civilized society." Restatement (Second) of Torts § 46, cmt. d; *see also Cox v. Keystone Carbon Co.*, 861 F.2d 390 (3d Cir. 1988); *Moolenaar v. Atlas Motor Inns, Inc.*, 616 F.2d 87 (3d Cir. 1980). "It is the duty of the court to determine, in the first instance,

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l*
Civil No. 2006-39
Memorandum Opinion
Page 4

whether the defendants' conduct could reasonably be regarded as so extreme and outrageous as to permit recovery." *Bowersox v. P.H. Glatfelter Co.*, 677 F. Supp. 307, 311 (M.D. Pa. 1988) (quoting *Wells v. Thomas*, 569 F. Supp. 426, 433 (E.D. Pa. 1983)). "If reasonable people may differ as to whether the conduct is extreme or outrageous, the question is one for the jury." *Kilduff v. Cosential, Inc.*, 289 F. Supp. 2d 12, 22 (D. Conn. 2003).

As the United States Court of Appeals for the Third Circuit has explained, "[i]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Cox*, 861 F.2d at 395 (citations omitted). Yet, allegations of a continuous pattern of intolerable conduct may support a claim for intentional infliction of emotional distress in the employment context. *See, e.g., Porta v. Rollins Environmental Servs. (NJ), Inc.*, 654 F. Supp. 1275, (D.N.J. 1987) *aff'd*, 845 F.2d 1014 (3d Cir. 1988); *Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421, 432 (D.N.J. 2000). Additionally, allegations of sexual harassment plus retaliatory behavior in the workplace may constitute sufficiently outrageous conduct to support a claim for intentional infliction of emotional distress in the employment context. *See Cox*, 861 F.2d at 395. Finally, the Court notes

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l*
Civil No. 2006-39
Memorandum Opinion
Page 5

that, "while liability [for intentional infliction of emotional distress] does not ordinarily extend to mere insults or indignities, such comments can take on a more distressing character when uttered by a supervisor or co-employee in the workplace." *Calkins*, 117 F. Supp. 2d at 432 (internal citation omitted); *see also* Restatement (Second) of Torts § 46, cmt. d.

The Defendants contend that Nino has failed to allege sufficiently outrageous conduct to support a claim for intentional infliction of emotional distress against either Tarapani or Diamonds.

    **1.   Tarapani**

The complaint in this matter alleges that Diamonds' "supervisory personnel" including Tarapani, "frequently and repeatedly ridiculed Nino for not (in his appearance and manner) fitting the masculine and male stereotype . . . ." (*Id.* at 6, ¶ 36(a).)  For instance, Nino claims that he asked to be paid by check rather than cash.  In response to that request, "Tarapani shouted, 'Get out of my office.  You are fucking stupid.  Take cash or I'll write you off to this company.'" (Compl. 4 ¶ 23, March 3, 2006.)  Though the company eventually agreed to pay Nino by check, Tarapani "often verbally abused him" when he asked for his paycheck. (*Id.* at 5, ¶ 28.)  Nino alleges that after Diamonds agreed to assist him in obtaining immigration papers,

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l*
Civil No. 2006-39
Memorandum Opinion
Page 6

> Tarapani refused to sign [the immigration] papers for months delaying Nino's ability to travel to Jordan to see his family. When Nino went to her office and pleaded with her to sign the papers so he could go see his family, Ms. Tarapani grabbed Nino by his wrist, pulled him from the chair and threw him out of her office.

(*Id.* at 7, ¶ 39(d).)

The complaint further states that despite asking Tarapani for assistance concerning the alleged harassment, "Tarapani never offered to help or any solutions. On one occasion, she said, '[d]on't come here for any complaint, we don't have time for that.'" (*Id.* at 9, ¶ 51(a).) In response to Nino's complaints, "Tarapani became extra critical of Nino's conduct. In 2005, although it is a common practice for [Diamonds] employees to take cigarette breaks, Tarapani admonished Nino for taking a cigarette break." (*Id.* at 9, ¶ 51(b).)

With respect to Tarapani, Nino has alleged more than mere insults or indignities. Viewed in the light most favorable to Nino, the complaint describes a continuous pattern of harassment and retaliatory behavior on the part of Tarapani. That alleged conduct is sufficiently objectionable that reasonable people may differ as to whether it is extreme or outrageous in light of community standards. Accordingly, Nino has sufficiently stated a claim for intentional infliction of emotional distress against Tarapani. *See, e.g., Kilduff*, 289 F. Supp. 2d at 22 (holding that

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l*
Civil No. 2006-39
Memorandum Opinion
Page 7

allegations that a supervisor made sexually inappropriate comments to an employee over an extended period of time, inappropriately touched her, and engaged in retaliatory conduct against her were sufficiently outrageous to state a claim for intentional infliction of emotional distress against the supervisor); *Calkins*, 117 F. Supp. 2d at 432 (holding that an employee stated a claim for intentional infliction of emotional distress against her supervisors based on allegations of a continuous pattern of sexual abuse and retaliation by the supervisors); *Curcio v. Chinn Enterprises, Inc.*, 887 F. Supp. 190, 194-95 (N.D. Ill. 1995) (holding that waitresses stated claim for intentional infliction of emotional distress against a restaurant president based on allegations of "extreme and outrageous" conduct on the part of the president due to his purported abuse of his authority and alleged repeated sexually offensive behavior and remarks).

   2.   **Diamonds**

Under Virgin Islands law, there are two bases for asserting an action for intentional infliction of emotional distress against an employer entity. *See Eddy v. V.I. Water and Power Auth.,* 955 F. Supp. 468, 479 (D.V.I. 1997). First, a plaintiff may sustain a claim for intentional infliction of emotional

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l*
Civil No. 2006-39
Memorandum Opinion
Page 8

distress against an employer entity based on the conduct of an individual employee "when the individual employee is in fact the 'alter ego' of the corporation, so that the actions of the individual became the actions of the employer." *Id.* (citing *Chinnery v. Gov't of the V.I.*, 865 F.2d 68 (3d Cir. 1989)). The actor must possess "sufficient authority to act as the employer itself, as opposed to acting as a mere supervisory employee." *Id.* Second, "claims of intentional infliction of emotional distress may be imputed to the employer when a corporation is made aware of unlawful conduct of a supervisor and outrageously fails to address it." *Id.* The plaintiff must allege, at a minimum, "that the employer became aware of the harm and sanctioned its continuation by doing nothing about it." *Id.*

Nino has asserted an intentional infliction of emotional distress claim against Diamonds based on the alleged conduct of Tarapani, as well as other Diamonds personnel. The Court lacks the necessary information regarding these individuals' respective roles at Diamonds to determine whether they had sufficient authority to act as Diamonds itself, or whether they were mere supervisory employees. Viewing the facts in Nino's complaint as true, the Court cannot conclude that Tarapani or the other Diamonds personnel in question were not the alter egos of Diamonds. Accordingly, at this stage of the proceedings,

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l*
Civil No. 2006-39
Memorandum Opinion
Page 9

Diamonds is not entitled to dismissal of Nino's intentional infliction of emotional distress claim. *See, e.g., Eddy,* 955 F. Supp. at 479 (holding that the plaintiffs' intentional infliction of emotional distress claims survived a motion to dismiss because, "[w]ithout more information on [the individual employee's] role at [the employer entity], the Court cannot say that [the defendant] was not the alter ego of [the employer]").

**B.   Title 13, Section 344 of the Virgin Islands Code**

The Defendants alternatively argue that title 13, section 344(b) of the Virgin Islands Code ("Section 344(b)") should bar Nino's claim for intentional infliction of emotional distress against Tarapani.

Pursuant to Section 344(b), "[n]o suit shall be brought against any officer, director or stockholder *for any debt or liability of a corporation*, of which he is an officer, director or stockholder, until judgment be obtained therefor against the corporation . . . ." V.I. CODE ANN. tit. 13, § 344(b) (1952) (emphasis added).

Here, the complaint alleges that Tarapani was a shareholder, as well as supervisor and manager of Diamonds.  Significantly, the complaint also alleges that Tarapani personally committed the tort of intentional infliction of emotional distress upon Nino. Indeed, Nino has sued Tarapani directly in Count Four.  While

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l*
Civil No. 2006-39
Memorandum Opinion
Page 10

Section 344 might arguably bar a claim against Tarapani based on the debts or liabilities of Diamonds, nothing in the statute precludes Nino from suing Tarapani directly based on Tarapani's own allegedly tortious conduct.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny the motion to dismiss.  An appropriate Order follows.

S_____
           **CURTIS V. GÓMEZ**
               **Chief Judge**