FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| RAJE NINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2006-39 |
| | ) | |
| THE JEWELRY EXCHANGE, INC., and | ) | |
| WENDY TARAPANI, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ATTORNEYS:

**Terri L. Griffiths, Esq.**
St. Thomas, U.S.V.I.
     *For the plaintiff,*

**Charles S. Russell, Esq.**
St. Thomas, U.S.V.I.
     *For defendant the Jewelry Exchange, Inc.,*

**Treston E Moore. Esq.**
St. Thomas, U.S.V.I.
     *For defendant Wendy Tarapani.*


**MEMORANDUM OPINION**

**GÓMEZ, C.J.**

     Before the Court is the motion of the Jewelry Exchange, Incorporated d/b/a Diamonds International ("Diamonds") and Wendy Tarapani ("Tarapani") to dismiss the above-captioned matter. For the reasons stated below, the Court will grant the motion.

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 2

## I.  <u>FACTS</u>

On October 6, 2000, Raje Nino ("Nino") entered into an employment contract with Diamonds.  Pursuant to that contract, Diamonds hired Nino to work at Diamonds International jewelry stores in the U.S. Virgin Islands as a Marketing Representative and Gemologist.  Article IV of the employment contract (the "Arbitration Agreement") outlined the parties' agreement with respect to grievances and arbitration.

The Arbitration Agreement provides that Nino and Diamonds

> specifically agree that the following arbitration
> procedure is the sole, final, binding, and exclusive
> remedy for any and all employment-related disputes.
> Such disputes include, but are not limited to,
> statutory claims under the Virgin Islands Wrongful
> Discharge Act . . . Title VII of the Civil Rights
> Act of 1964 as amended . . . [and] the Fair Labor
> Standards Act . . . .

(Ex. 5 to Nino Dep., Employment Contract 2, Art. IV, ¶ 1, Oct. 6, 2000.)  The Arbitration Agreement also states:

> In the event that the Arbitration is the result of
> claims by the employee for . . . statutory
> violations or torts arising out of the employment
> relationship . . . the Arbitrator shall have
> authority to rule on an alleged statutory or tort
> cause of action, and to award damages if applicable.

(*Id.* at 3, Art. IV, ¶ 11.)

The Arbitration Agreement sets forth several procedures to be followed when filing grievances and requesting arbitration. It requires that "[t]he aggrieved Employee shall file in writing

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 3

a Grievance with his or her Manager within five (5) days of the

Employee's having received notice of the action complained of."

(*Id.* at 2, Art. IV, ¶ 3.)  If, after re-filing the grievance with

the Managing Director, "the Managing Director's decision is

unacceptable, Employee may file a written request for arbitration

with the Managing Director within five (5) days of receipt of the

Managing Director's decision." (*Id.* at 3, Art. IV, ¶ 5.)

Furthermore, the Arbitration Agreement provides:

> If a grievance is not processed within the days
> stated in each step, the last decision given by the
> Employer shall be a final and binding resolution of
> the grievance.  The time limits provided for above
> are binding and may not be waived except by written
> agreement of both parties.

(*Id.* at 4, Art. IV, ¶ 15.)

Finally, the Arbitration Agreement required that "[t]he fees

and expenses of the arbitrator and stenographic appearance shall

be borne equally.  Each party shall bear its own expense of

attorneys, witnesses, transcripts, or other costs." (*Id.* 4, at

Art. IV, ¶ 13.)

On February 3, 2005, Nino was suspended from work for one

week without pay.  Nino did not thereafter return to work.

On March 3, 2006, Nino commenced the above-captioned action

against defendants Diamonds and Tarapani, a company supervisor.

Nino alleges that Diamonds failed to compensate him for overtime

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 4

work he performed for the company.  Nino also alleges that,
throughout his tenure with Diamonds, Tarapani and other company
personnel continuously harassed and discriminated against him
based on his sexual orientation or ethnic descent.  He states
that he repeatedly complained to his superiors about the
harassment and discrimination to no avail.  Nino claims that the
defendants' conduct created such a hostile working environment
that he was compelled to resign.  Additionally, Nino claims that
his suspension was an act of retaliation against him for
complaining about discrimination and harassment at work.

The defendants move to dismiss Nino's complaint pursuant to
the terms of the Arbitration Agreement.

## II.  **ANALYSIS**

The defendants argue that Nino's complaint should be
dismissed because arbitration is the exclusive remedy for the
causes of action asserted therein.[1]

---

[1]  The Defendants' argument is framed as a jurisdictional
one.  They assert that this Court lacks subject matter
jurisdiction over the matter because Nino's claims are the
subject of an arbitration clause.  However, the issue of whether
an arbitration clause precludes the litigation of a plaintiffs'
claims is not jurisdictional. *See Lloyd v. Hovensa, LLC*, 369 F.3d
263, 272 (3d Cir. 2004) ("The issue[] [of] . . . whether [the
defendant] has or does not have a contract-based defense
requiring arbitration rather than litigation of those claims. . .
. is not a jurisdictional one.").  While the jurisdictional
basis cited by the Defendants is misplaced, dismissal may be
appropriate for other reasons.

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 5

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 establishes a federal presumption in favor of arbitration. Pursuant to Section 4 of the FAA, "upon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Dismissal may be appropriate if (1) the parties entered into a valid, enforceable, arbitration agreement and (2) the dispute at the center of that action is covered by that agreement. *See First Liberty Inv. Group v. Nicholsberg*, 145 F.3d 647, 650, 653 (3d Cir. 1998) (noting the presumption in favor of arbitration).

## A.    Validity of the Arbitration Agreement

The existence of the Arbitration Agreement between Nino and Diamonds is undisputed. However, Nino disputes the validity of the Agreement, arguing that it should be unenforceable on grounds of unconscionability.

To ascertain whether the parties entered into a valid agreement to arbitrate, the Court looks to the relevant state law of contracts. *See Edwards v. HOVENSA, LLC*, 497 F.3d 355, 362 (3d Cir. 2007). In the Virgin Islands,

> [i]f a contract or term thereof is unconscionable at
> the time the contract is made a court may refuse to
> enforce the contract, or may enforce the remainder

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 6

of the contract without the unconscionable term, or
may so limit the application of any unconscionable
term as to avoid any unconscionable result.

Restatement (Second) of Contracts § 208 (1981)[2]; *see also
Alexander v. Anthony Int'l, L.P.,* 341 F.3d 256, 264 (3d Cir.
2003) ("An agreement to arbitrate may be unenforceable based on a
generally applicable contractual defense, such as
unconscionability.").

Unconscionability involves procedural and substantive
elements. "Procedural unconscionability pertains to the process
by which an agreement is reached and the form of an agreement,
including the use therein of fine print and convoluted or unclear
language." *Alexander,* 341 F.3d at 265 (quoting *Harris v. Green
Tree Fin. Corp.,* 183 F.3d 173, 187 (3d Cir. 1999)). Procedural
unconscionability is generally satisfied if the contract was
"prepared by the party with excessive bargaining power who
presents it to the other party for signature on a
take-it-or-leave-it basis." *Id.* (quotation omitted). However,
mere inequality in bargaining power is insufficient to render an
agreement unconscionable. *See Edwards*, 497 F.3d at 362 ("[A]

_____

[2] "The rules of the common law, as expressed in the
restatements of the law . . . shall be the rules of decision in
the courts of the Virgin Islands in cases to which they apply, in
the absence of local laws to the contrary." V.I. CODE ANN. tit. 1,
§ 4.

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 7

contract term is 'not unconscionable merely because the parties

to it are unequal in bargaining position.'" (quoting Restatement

(Second) of Contracts § 208 cmt. d)).

Substantive unconscionability must also be satisfied before

an agreement will be invalidated. *See Edwards*, 497 F.3d at 362.

Substantive unconscionability "refers to terms that unreasonably

favor one party to which the disfavored party does not truly

assent." *Id.*  As the Restatement explains,

> gross inequality of bargaining power, together with
> terms unreasonably favorable to the stronger party,
> may confirm indications that the transaction
> involved elements of deception or compulsion, or may
> show that the weaker party had no meaningful choice,
> no real alternative, or did not in fact assent or
> appear to assent to the unfair terms.

Restatement (Second) of Contracts § 208 cmt. d.  Thus, a party

seeking to avoid enforcement of contract on grounds of

unconscionability must establish: (1) "that there is no

meaningful choice on the part of the other party regarding

acceptance of the provisions" and (2) "that the contractual terms

are unreasonably favorable to the drafter." *Alexander,* 341 F.3d

at 265 ((quotations omitted)).

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 8

### 1.   Procedural Unconscionability

Nino contends that the Arbitration Agreement is procedurally unconscionable because it was prepared by the party with more bargaining power, it was a condition of his employment with Diamonds, and he was given no opportunity to negotiate the terms.

The record in this matter reveals that the Arbitration Agreement in this case was prepared by Diamonds as part of Nino's employment contract. Diamonds, as a corporation which conducts business at locations throughout the world, arguably possessed more bargaining power than Nino, an individual jewelry salesperson and gemologist. When he signed the employment contract, Nino had a degree in Business Administration from the University of Jordan, and a jeweler/gemologist certificate from the Gemological Institute of America. Nino had approximately four years of work experience before he began to work at Diamonds International stores.

Nino originally agreed to work at Diamonds International stores in St. Thomas in January, 2000. At that time, however, he did not have a work visa for the United States, so he began working at Diamonds International stores in Aruba. Just months before transferring Nino to St. Thomas, Diamonds had assisted him

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 9

in obtaining a work visa for the United States.[3]  On Nino's first

or second day at work in St. Thomas, Diamonds' Human Resources

Supervisor presented him with the employment contract and

instructed him to sign it.  The terms of the employment contract,

including the Arbitration Agreement, were not subject to

negotiation.  Instead, the contract was offered to Nino on a

take-it-or-leave-it basis.

Considering the entire context of Nino's dealings with

Diamonds and his dependance on Diamonds with respect to his

immigration status at the time he accepted the job offer, Nino

was given no reasonable choice in accepting the challenged

Arbitration Agreement.  Accordingly, the Court agrees with Nino

that the Arbitration Agreement could be considered procedurally

unconscionable. *See, e.g., Alexander,* 341 F.3d at 266 (holding

that, under Virgin Islands law, the arbitration agreements in

employment contracts were procedurally unconscionable because the

employees, crane operators with limited educations, were

"presented with a 'take-it-or-leave-it' agreement to arbitrate by

a multinational corporation"); *cf. Zimmer v. CooperNeff Advisors,

Inc.,* 523 F.3d 224, 229 (3d Cir. 2008) (holding that an

---

[3]  In April, 2000, when Nino obtained his United States work
visa, he was transferred to Alaska, where he worked at a Diamonds
International store until September, 2000.  Nino was then
transferred to St. Thomas.

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 10

arbitration clause in an employment contract between a trading/investment firm and a hedge fund manager was not procedurally unconscionable under Pennsylvania law because the manager "was a highly-educated party with various employment opportunities," and the manager "d[id] not allege that he was denied an opportunity to negotiate the contract before accepting [the] offer").

### 2. Substantive Unconscionability

Nino argues that the Arbitration Agreement was substantively unconscionable because its terms were oppressive and one-sided in favor of Diamonds.  Specifically, Nino challenges the five-day time periods for filing grievances and requests for arbitration. He also challenges the provisions of the agreement regarding fees, expenses, and costs.

In their reply to Nino's opposition to the instant motion, the defendants have conceded that the five-day time periods for filing grievances and arbitration requests are substantively unconscionable.  Indeed, the United States Court of Appeals for the Third Circuit has found much longer time periods for bringing claims against employers to be substantively unconscionable under Virgin Islands law. *See, e.g., Parilla v. IAP Worldwide Services, VI, Inc.,* 368 F.3d 269, 277-78 (3d Cir. 2004) (holding that, under Virgin Islands law, a provision of an arbitration agreement

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 11

setting a 30-day time limit for employee to present claims to the employer was substantively unconscionable); *Alexander,* 341 F.3d at 266-67 (same). Thus, the Court need only consider the substantive unconscionability of the fee-related provisions.

The Third Circuit has held that, under Virgin Islands law, provisions requiring each party to bear their own costs, expenses, and attorneys' fees are substantively unconscionable as to both statutory and common law claims. *See, e.g., Parilla,* 368 F.3d at 278-79; *Alexander*, 267-68. As the Third Circuit has explained, a mutual "relinquishment [of the parties' eligibility for attorneys' fees and costs] . . . clearly helps [the employer], the party with a substantially stronger bargaining position and more resources, to the disadvantage of an employee needing to obtain legal assistance." *Alexander,* 341 F.3d at 267-68. Accordingly, the Arbitration Agreement in Nino's employment contract is substantively unconscionable to the extent it requires each party to bear its own costs, expenses, and attorneys' fees. *See, e.g., Parilla,* 368 F.3d at 279 ("[W]e have no choice but to hold that the provision requiring each party to 'bear its own costs and expenses, including attorney's fees' is substantively unconscionable with respect to both Parilla's Title VII claim and her claims under Virgin Islands law.").

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 12

Finally, Nino challenges the provision of the Arbitration Agreement that requires the parties to split the arbitrators' fees equally.  To avoid arbitration on the basis of high arbitration costs, a plaintiff must show (1) that the costs of arbitration are likely to be significantly higher than litigation costs, and (2) that the plaintiff is unable to pay high costs of arbitration. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000); *Alexander,* 341 F.3d at 269-70; *Blair v. Scott Specialty Gases*, 283 F.3d 595, 607 (3d Cir. 2002).  Only after this showing is made can the Court determine that the cost differential between arbitration and litigation is so substantial as to deter claims to arbitrators. *See Blair*, 283 F.3d at 609 (citing *Bradford v. Rockwell Semiconductor Sys. Inc.*, 238 F.3d 549, 556 (4th Cir. 2001)).

Significantly, Nino has made no attempt to demonstrate estimated arbitrators' fees.  Nor has he attempted to show that he cannot afford to pay such fees.  Without such evidence, the Court cannot say that the fee-splitting provision of the Arbitration Agreement is substantively unconscionable.

### 3.   Severability

The defendants urge the Court to sever any unenforceable provisions from the Arbitration Agreement and enforce the remainder of the Agreement.

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 13

Section 603 of the Restatement (First) of Contracts

provides:

> A bargain that is illegal only because of a promise
> or a provision for a condition, disregard of which
> will not defeat the primary purpose of the bargain,
> can be enforced with the omission of the illegal
> portion by a party to the bargain who is not guilty
> of serious moral turpitude unless this result is
> prohibited by statute.  Recovery is more readily
> allowed where there has been part performance of the
> legal portion of the bargain.

Restatement (First) of Contracts § 603 (1932).

Similarly, Section 184 of the Restatement (Second) of

Contracts states:

> If less than all of an agreement is unenforceable .
> . . a court may nevertheless enforce the rest of the
> agreement in favor of a party who did not engage in
> serious misconduct if the performance as to which
> the agreement is unenforceable is not an essential
> part of the agreed exchange.

Restatement (Second) of Contracts § 184 (1981).

The primary purpose of the Arbitration Agreement between

Nino and Diamonds was to provide an alternative forum for dispute

resolution of employment related claims.  The unenforceable time

periods and requirement that the parties bear their own costs and

attorneys' fees are not essential to the parties' agreement to

arbitrate certain disputes.  These provisions can be severed from

the Arbitration Agreement without disturbing the primary intent

of the parties to arbitrate their dispute. *See, e.g., Spinetti v.*

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 14

*Service Corp. Int'l,* 324 F.3d 212 (3d Cir. 2003) (holding that
two unconscionable provisions requiring the employer and the
employee pay their own attorney's fees and share the costs of
arbitration were severable because "[y]ou don't cut down the
trunk of a tree because some of its branches are sickly"); *cf.*
*Alexander,* 341 F.3d at 271 (holding that the multiple
unconscionable provisions of an employment contract could not be
severed because "[t]he cumulative effect of so much illegality
prevents us from enforcing the arbitration agreement.  Because
the sickness has infected the trunk, we must cut down the entire
tree").

**B.   Scope of the Arbitration Agreement**

Because the unenforceable provisions of the Arbitration
Agreement will be severed, Nino and Diamonds remain bound by the
remainder of the Agreement.  The Court's inquiry, however, is not
yet complete.  The Court still must determine whether the
specific claims asserted by Nino in this matter fall within the
scope of the enforceable provisions of the Arbitration Agreement.

Contractual authority to arbitrate a given claim exists if
the facts at the heart of the claim "touch matters" covered by
the terms of a valid arbitration agreement. *See Brayman Constr.*
*Corp. v. Home Ins. Co.*, 319 F.3d 622, 626 (3d Cir. 2003).  The
Arbitration Agreement between Nino and Diamonds covers all

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 15

employment related disputes, including statutory and tort claims
against Diamonds.  In this case, Nino has alleged five causes of
action against Diamonds.  Count One of the complaint alleges a
claim for employment discrimination based on sex and national
origin under Title VII, 42 U.S.C. §§ 2000e *et seq*.  Count Two
asserts a claim for violation of the Fair Labor Standards Act, 29
U.S.C. § 201, *et seq.*  Count Three is a breach of contract claim.
Count Four is a claim for intentional infliction of emotional
distress.  Count Five alleges that the Defendants violated title
24, section 76 of the Virgin Islands Code (the "V.I. Wrongful
Discharge Act," or the "VIWDA").

Each of Nino's claims is related to his employment with
Diamonds.  Those claims "touch matters" clearly contemplated by
the Arbitration Agreement.  Additionally, Nino explicitly agreed
to arbitrate the statutory causes of action asserted in Counts
One, Two, and Five of the complaint.  Accordingly, all of Nino's
claims are arbitrable. *Cf. First Liberty Inv. Group v.
Nicholsberg,* 145 F.3d 647, 653 (3d Cir. 1998) (holding that a
dispute between an employer and a former employee regarding the
employee's alleged breach of his employment contract fell within
the scope of the parties' arbitration agreement).

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 16

**C.   Waiver**

Finally, Nino argues that the Defendants waived their right to seek to compel arbitration by virtue of their conduct in this litigation.

As a preliminary matter, the Court notes that "waiver of the right to arbitrate based on litigation conduct [is] presumptively an issue for the court to decide." *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 221 (3d Cir. 2007).   As the Third Circuit has explained:

> [B]ecause the inquiry into whether a party has waived its right to arbitrate by litigating the case in court "heavily implicates judicial procedures" . . . the court should remain free to "control the course of proceedings before it and to correct abuses of those proceedings," rather than being required to defer to the findings an arbitrator with no previous involvement in the case.

*Id.* at 218 (quoting *Marie v. Allied Home Mortgage*, 402 F.3d 1, 13 (1st Cir. 2005)).   The presumption that the Court should decide issues of waiver of arbitration rights due to litigation conduct may be overcome only where the agreement to arbitrate contains "'clear and unmistakable' evidence" of the parties' intent to have an arbitrator decide such issues. *Id.* at 221 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)).   The Arbitration Agreement in this case contains no language showing that the parties intended to

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 17

have an arbitrator decide the issue of waiver of arbitration
based on litigation conduct.  As such, the Court will not refer
the waiver issue to an arbitrator. *See, e.g., id.* at 222 (holding
that the court should decide waiver because "[l]itigants would
expect the court, not an arbitrator, to decide the question of
waiver based on litigation conduct, and the Agreement here does
not manifest a contrary intent").

Whether a party has waived the right to arbitrate by virtue
of litigation conduct depends on prejudice to the opposing party.
*See Zimmer v. CooperNeff Advisors, Inc.*, 523 F.3d 224, 231 (3d
Cir. 2008) (explaining that prejudice is the "touchstone" of the
waiver inquiry).  Factors relevant to the prejudice inquiry
include, but are not limited to: (1) the timeliness of the motion
to compel arbitration, (2) the degree to which the merits of the
non-movant's claims have been contested by movant, (3) whether
the non-movant is otherwise aware of movant's intention to seek
arbitration, (4) the extent of nondispositive motion practice
that has transpired, (5) the movant's assent to pretrial court
orders, and (6) the degree to which the parties have engaged in
discovery. *See id*.  "[W]aiver will normally be found only where
the demand for arbitration came long after the suit commenced and
when both parties had engaged in extensive discovery." *Id*. at
231-32 (quoting *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207,

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 18

221 (3d Cir. 2007)).  However, "the length of the time period involved alone is not determinative" of prejudice. *Id.* at 232 (quoting *Palco v. Airborne Express, Inc*., 372 F.3d 588, 598 (3d Cir. 2004)).

Here, Nino claims to have been prejudiced by the defendants' delay in moving to dismiss pursuant to the Arbitration Agreement and participation in the litigation of this matter before filing the motion.  It is true that the defendants did not move to dismiss Nino's complaint pursuant to the Arbitration Agreement until September 26, 2007, approximately fifteen months after they were served with the complaint in this action.[4]  During that time, the parties exchanged written discovery and conducted depositions, in accordance with the discovery schedule imposed by the Court's orders.  However, the defendants asserted mandatory arbitration as a defense in their answer to Nino's complaint, which they filed approximately one and a half months after learning of this lawsuit. "Once the defendant, *by answer*, has given notice of insisting on arbitration the burden is heavy on the party seeking to prove waiver." *Tenneco Resins, Inc. v. Davy Intern., AG,* 770 F.2d 416, 420 (5th Cir. 1985); *see also Mautz & Oren, Inc. v. Teamsters, Chauffeurs, and Helpers Union, Local No.*

---

[4]   The record reveals that the defendants were served with Nino's complaint in late June, 2006.

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 19

*279,* 882 F.2d 1117, 1126 (7th Cir. 1989); *Nesslage v. York*

*Securities, Inc.,* 823 F.2d 231, 234 (8th Cir. 1987); *Hart v.*

*Orion Ins. Co.,* 453 F.2d 1358, 1361 (10th Cir. 1971).[5]  Indeed,

"[a] demand for arbitration puts a party on notice that

arbitration may be forthcoming, and therefore, affords that party

the opportunity to avoid compromising its position with respect

to arbitrable and nonarbitrable claims." *Price v. Drexel Burnham*

*Lambert, Inc.,* 791 F.2d 1156, 1161 (5th Cir. 1986).  After the

defendants raised the affirmative defense of mandatory

arbitration in their answer, Nino was on notice that arbitration

may be forthcoming and had the opportunity to plan his litigation

strategy accordingly.

Additionally, before the defendants moved for dismissal

pursuant to the Arbitration Agreement, they had not filed any

dispositive motions, or otherwise challenged the merits of Nino's

claims.[6]  The amount of nondispositive motion practice conducted

was also minimal.  At the time the instant motion was filed, Nino

---

[5]  *Cf. Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310
F.3d 102, 105-06 (2d Cir. 2002) ("While not pleading arbitration
in the answer can be used as evidence towards finding of waiver,
there is no *per se* rule that arbitration must be pleaded in the
answer in order to avoid waiver." (internal citation omitted)).

[6]  The defendants did, however, move to dismiss Count Four
of the complaint for failure to state a claim on the same day
they filed the instant motion.

*Nino v. The Jewelry Exchange, Inc. d/b/a Diamonds Int'l, et al.*
Civil No. 2006-39
Memorandum Opinion
Page 20

had filed two motions to compel discovery.  The defendants had
not filed any nondispositive motions.[7]

Under the circumstances of this case, Nino has failed to
demonstrate sufficient prejudice as a result of the defendants'
conduct in litigating this matter.  The defendants have not
waived their right to seek dismissal on grounds of mandatory
arbitration. *See, e.g., Sharif v. Wellness Intern. Network, Ltd.*,
376 F.3d 720, 726-27 (7th Cir. 2004) (holding that the defendant
did not waive its right to arbitrate, even though it waited
eighteen months after action was commenced and filed four motions
to dismiss before moving to compel arbitration, because the
plaintiffs were otherwise on notice that the defendant was likely
to demand arbitration); *Cargill Ferrous Int'l v. SEA PHOENIX MV*,
325 F.3d 695, 700-01 (5th Cir. 2003) (holding that arbitration
was not waived because the party seeking arbitration asserted
that right in its initial answer and filed a motion to compel
arbitration when only a minimal amount of discovery had
occurred); *Thyssen, Inc. v. Calypso Shipping Corp.*, 310 F.3d 102,
105-06 (2d Cir. 2002) (ruling that the defendant had not waived
its right to arbitration, even though it did not seek arbitration

---

[7]   While the defendants had filed a document entitled
"Informational Motion Regarding Meet and Confer Conference
Between Counsel," it was in substance a notice to the Court.

*Nino v. The Jewelry Exchange, Inc.* d/b/a *Diamonds Int'l*
Civil No. 2006-39
Memorandum Opinion
Page 21

until more than eighteen months after the suit was filed and
after the plaintiff filed a motion for partial summary judgment
because "there was no evidence of extensive discovery or
substantive motions"); *Hart,* 453 F.2d at 1361 ("The answer
included a demand for arbitration.  We find no prejudice to the
insured and no waiver of arbitration."); *Nabisco, Inc. v. Michael
A. Simmonds, Inc.*, 1993 WL 277229 at *3 (D.V.I. March 29, 1993)
(holding that the defendant adequately preserved its right to
arbitration by asserting such right in its answer) (unpublished).

### III.   <u>CONCLUSION</u>

Because all of the claims in this dispute are subject to
arbitration, the Court will dismiss the action. *See Seus v. John
Nuveen & Co., Inc.*, 146 F.3d 175, 179 (3d Cir. 1998) ("If all the
claims involved in an action are arbitrable, a court may dismiss
the action . . . ."), *overruled on other grounds by Green Tree
Financial Corp. Alabama v. Randolph*, 531 U.S. 79, 121 S.Ct. 513,
148 L.Ed.2d 373 (2000); *see also, e.g., Spenceley Office Equip.
v. Ricoh Latin Am., Inc.*, 48 V.I. 848, 852 (D.V.I. 2007)
(dismissing the plaintiff's complaint because all claims asserted
therein were arbitrable).   An appropriate Order follows.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**